By s/ THOMAS DREW
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
August 12, 2014

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION                MDL No. 2244

**TRANSFER ORDER**

**Before the Panel**:[*]  Pursuant to Panel Rule 7.1, plaintiffs in a Northern District of California action (*Mondello*) and a Northern District of Illinois action (*Glosson*), listed on Schedule A, move to vacate our orders that conditionally transferred their respective action to MDL No. 2244.  Defendants DePuy Orthopaedics, Inc., and Johnson & Johnson, Inc., and Johnson & Johnson Services, Inc., oppose the motions.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization.  In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants.  *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. 2011).  These actions involve injuries related to DePuy Pinnacle Acetabular Cup System hip implants and fall with the MDL's ambit.

Plaintiffs in *Glosson* do not dispute that their action shares questions of fact concerning Pinnacle hip implants with actions pending in MDL No. 2244.  Plaintiffs instead base their arguments against transfer primarily on the pendency of their motion to remand the action to state court.  Plaintiffs can present their motion for remand to the transferee judge.[1]  *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff in *Mondello* opposes centralization largely on the grounds that he suffered a femoral stem fracture and not the more typical injury in this MDL that involves problems with metal debris generated from the Pinnacle Hip System.  We disagree and find that transfer is appropriate in these

---

[*]  Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

circumstances. *Mondello* contains factual allegations concerning an injury – femoral stem fracture – that is similar to those raised by other MDL No. 2244 plaintiffs. Because plaintiff received a Pinnacle hip system and makes some claims regarding the "risks, dangers, and side effects associated with the Pinnacle Hip, including detachment, disconnection, [loosening] and/or stem fracture," it appears that discovery likely to be sought in *Mondello* will overlap with discovery conducted in the MDL proceedings. If, however, upon scrutiny of plaintiff's claims, the transferee judge finds that exclusion of cases involving femoral stem fractures is appropriate, then he may accomplish this by filing a  suggestion of remand covering this and similar actions to the Panel. *See* Panel Rule 10.1(b). We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell              Charles R. Breyer
Lewis A. Kaplan                  Sarah S. Vance
R. David Proctor

**IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION**                MDL No. 2244

**SCHEDULE A**

Northern District of California

MONDELLO v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 3:14-02086

Northern District of Illinois

GLOSSON, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 1:14-02677